IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Timothy Clifton Evans,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:15cv558 (CMH/IDD) |
| | ) |
| Harold W. Clarke,<br>    Respondent. | )<br>)<br>) |

MEMORANDUM OPINION

Timothy Clifton Evans, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions entered in the Circuit Court of the City of Chesapeake, Virginia. On November 2, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibits. Dkt. Nos. 14, 15, 16. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response. Accordingly, the matter is now ripe for disposition. For the reasons that follow, petitioner's claims must be dismissed, and his pending motions will be denied.

I. Background

Following a bench trial on December 8, 2011, the Circuit Court for the City of Chesapeake convicted petitioner of one count of possession with intent to distribute an imitation controlled substance, two counts of possession with intent to distribute a controlled substance, and three counts of driving with a revoked or suspended license. Case Nos. CR11-2594-01, -02, -03, -04, -05, -06, -07. On March 2, 2012, the circuit court sentenced petitioner to a total of 25 years and 180 days, with 16 years, 6 months, and 150 days suspended. Compl. at 1.

Petitioner appealed, and on October 3, 2012, the Virginia Court of Appeals granted the appeal with respect to whether the trial court erred in imposing an unlawful sentence on the possession with intent to distribute an imitation controlled substance charge and remanded the case to the trial court to determine whether there had been a clerical error in the sentencing order. Rec. No. 0498-12-1. After the trial court corrected the sentencing orders, the Virginia Court of Appeals dismissed the appeal on April 16, 2013. Id. Thereafter, the Supreme Court of Virginia refused petitioner's appeal. Rec. No. 130789.

The Virginia Court of Appeals' order dated October 3, 2012 and the record reflect the following facts:

> Detective Hammond testified that in May of 2011 he received information from a confidential informant in reference to a person known as "T" who allegedly distributed heroin to the informant and someone at the informant's house. On May 14, 2011, Hammond met with the informant and had the informant call T using a speaker phone in Hammond's car and order a quantity of heroin. Hammond heard the conversation and said the informant asked for "a bundle" and T stated, "Okay. I'll be there shortly." Hammond searched the informant before and after the transaction and provided the informant with a two-way transmitter so the detective could communicate with the informant and hear any conversations between the informant and the seller. Hammond also videotaped the encounter. After giving the informant funds to purchase the drugs, Hammond had the informant sit on a porch and wait for T. Hammond waited nearby in his car in a position where he could maintain constant surveillance of the informant. A short time later, appellant arrived in a black car and the informant entered the car. Hammond followed the appellant as he drove the informant around the area and never lost sight of them. Hammond heard appellant tell the informant "he was trying to find his guy" and a phone call appellant made to someone "looking for a bundle [of heroin]." Hammond explained that a "bundle" consisted of eight capsules of heroin. After picking up the informant and making cell phone calls, appellant met with a man in a pickup truck, then drove the informant back to the informant's pick-up location where appellant said to the informant, "Here is ten caps" of heroin. Appellant drove away, and the informant entered Hammond's car and gave him the drugs. Test results established that the capsules informant purchased contained heroin.
>
> Hammond met with the informant again on May 19, 2011, at the same location. The informant entered Hammond's car and placed a phone call using the speaker phone to the same number called on May 14th and asked for a bundle of heroin. The person speaking with the informant said, "Okay. I'll be there in a little

2

> while." Fifteen minutes later, appellant arrived and the informant, who Hammond earlier searched and provided funds, entered the car. A short time later, the informant exited the car, appellant drove from the area, and the informant gave the suspected drugs to Hammond. The items sent to the lab consisted of ten clear capsules containing off-white powder. Test results concluded the power was not a controlled substance.
>
> On May 31, 2011, Hammond and the informant met in Hammond's car, and the informant called T on the speaker phone and asked for five capsules of heroin. T said, "Okay," and they agreed to meet at a Food Lion store. Hammond searched the informant, provided him with funds, and drove the informant to the Food Lion. Appellant arrived in the same car a short time later. He had a female passenger in the front seat and a male in the rear seat. The informant entered the rear passenger seat of T's car, and Hammond saw the informant reach across the seat and hand appellant currency. Hammond also saw appellant hand the informant an object that tested positive for heroin.

Rec. No. 0498-12-1, Oct. 3, 2012 Order at 2-3.

On August 18, 2014, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which subsequently denied it on January 13, 2015. Rec. No. 141234. On April 29, 2015, petitioner timely filed the instant federal habeas petition raising the same claims he had raised in his state habeas petition:

> I. Petitioner was denied due process under Brady v. Maryland, 373 U.S. 83 (1963) when the prosecution failed to disclose evidence favorable to him upon request.
>
>> a. The prosecution failed to disclose the identity of a confidential informant who was alleged to have played a role in the undercover "drug buy," and whose participation formed the basis for the arrest and conviction of the petitioner.
>>
>> b. The prosecution failed to disclose the audio and video surveillance evidence that formed the basis of the prosecutions sole witness' testimony and supported the conviction of the petitioner.
>
> II. Petitioner was denied his right to effective assistance of counsel under the Sixth Amendment prior to and during his trial, and on direct appeal.
>
>> a. Defense counsel failed to compel the prosecution for disclosure of the identity of the confidential informant, a participant in the undercover "drug buy," and whose role formed the basis for the arrest and conviction of petitioner.

  b. Defense counsel failed to discover and investigate the existence of the alleged audio and video surveillance evidence that formed the basis of the prosecutions sole witness's testimony and supported the conviction of the petitioner.

  c. Defense counsel failed to object to the admissibility of evidence that denied petitioner his Sixth Amendment right of confrontation to cross-examine a third party witness responsible for detailing conclusions of a certified drug analysis.

  d. Defense counsel failed to object to the admissibility of the testimony of a prosecution witness not qualified as an expert in the sale, distribution, marketing, packaging, and effects of narcotics.

See Dkt. No. 1.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts first. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) ("mere similarity of claims is insufficient to exhaust" state remedies). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844. Where questions concerning exhaustion arise, the petitioner bears

4

the burden of demonstrating that he properly presented his claim, including the operative facts and controlling legal principles, to the state courts in accordance with the state's "chosen procedural scheme." Mallory, 27 F.3d at 995, see also Kasi v. Angelone, 300 F.3d 487, 501-01 (4th Cir. 2002).

Stated simply, in order to properly exhaust a claim prior to filing a § 2254, petitioner must have presented the same legal argument and factual support to the Supreme Court of Virginia on direct appeal, in an original jurisdiction state habeas corpus petition, or in a habeas appeal from a circuit court's denial of habeas relief. See 28 U.S.C. § 2254(b). In this case, petitioner has properly exhausted his claims.

### III. Procedural Default

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable by the federal habeas court. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

A. Claims I(a) and I(b) are Procedurally Defaulted

In Claim I(a), petitioner claims the prosecution violated Brady by failing to disclose the identity of the informant. In Claim I(b), petitioner asserts that the prosecution violated Brady by failing to disclose the audio and video surveillance evidence of the drug transactions. The Supreme Court of Virginia held that both claims were procedurally barred by Slayton v.

Parrigan, 205 S.E.2d 680 (Va. 1974) because they could have been, but were not, raised at trial and on direct appeal. Rec. No. 141234, Jan. 13, 2015 Order at 2. The Fourth Circuit has repeatedly found that the procedural bar set out in Slayton constitutes an adequate and independent state law ground for decision. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1988).

B. No Procedural Default Exception Applies to Claims I(a) and I(b)

A petitioner may overcome a state procedural default by establishing cause and prejudice, or by establishing a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); McNeil v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). A petitioner can successfully establish cause and prejudice when he demonstrates: (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (internal citations omitted). A fundamental miscarriage of justice is a narrow exception that applies "where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004) (internal citation omitted).

Relying on Banks v. Dretke, 540 U.S. 668, 691 (2004), petitioner contends that the cause and prejudice excusing his procedural default in this case parallel the three components that also make up a Brady violation.[1] For this reason, petitioner argues that his claims should be excused from default and reviewed by this Court. As to Claim I(a), petitioner argues the prosecution violated Brady because it failed to disclose the identity of the informant under Rovario v. United

---

[1] To establish a Brady violation has occurred, a defendant must show: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the state suppressed the evidence, "either willfully or inadvertently"; and (3) "prejudice . . . ensued." Skinner v. Switzer, 562 U.S. 521, 536 (internal citations omitted).

6

States, 353 U.S. 53, 59-61 (1957). Petitioner argues that the informant's identity could have resulted in evidence to impeach Detective Hammond and that the informant's "potential testimony" would give rise to a defense of entrapment. As to Claim I(b), petitioner contends that the prosecution's failure to disclose the audio and video surveillance denied petitioner the right to explore and develop evidence to his defense and to challenge the credibility of Hammond's testimony. Petitioner additionally asserts that he was prejudiced by the prosecution's failure to disclose the identity of the informant and because the trial court relied upon the audio and video surveillance in convicting him.

Petitioner's arguments do not excuse his procedural default because he has not established that the prosecution suppressed evidence that was unavailable to him at trial. The Commonwealth's discovery response stated, "Video of the transactions may be viewed at an agreed upon date and time." Dkt. No. 16, Ex. 1. Prosecutors do not have "a constitutional duty routinely to deliver his entire file to defense counsel." United Sates v. Agurs, 427 U.S. 97, 111 (1976). Thus, petitioner's argument that the prosecution suppressed surveillance evidence clearly has no merit.

Likewise, no Brady violation has occurred where the exculpatory evidence was available to the defense through a "reasonable and diligent investigation." McCleskey v. Zant, 499 U.S. 467, 498 (1991). Assuming the informant's identity was discoverable under Brady, or Rovario,[2] petitioner could have viewed the video evidence and discovered the informant's identity. Epperly v. Booker, 997 F.2d 1, 9 (4th Cir. 1993) (explaining there is no Brady violation when exculpatory evidence is available to defendant from other sources). Even if petitioner could not

---

[2] The duty to disclose informants is generally governed by Rovario. Unlike Brady, the disclosure under Rovario is not automatic. McCray v. Illinois, 386 U.S. 300, 311 (1967). The burden is on the defendant to establish that the disclosure would be material and helpful. United States v. Johnson, 892 F.2d 707, 710 (8th Cir. 1989). Petitioner could have argued at trial that disclosure under Rovario was necessary; however, he did not. Therefore, the Slayton procedural bar still applies.

7

have discovered the identity of the informant through the video evidence, he certainly knew of the existence of an informant at trial. "Brady generally does not apply to delayed disclosure of exculpatory evidence, but only to a complete failure to disclose." United States v. Davis, 306 F.3d 398, 421 (6th Cir. 2002) (internal citations omitted). Here, once it was disclosed that an informant was involved, petitioner could have moved to discover the identity of the informant, sought a continuance and attempted to subpoena the informant, or otherwise sought to explore the matter further. Petitioner did nothing; thus, the Supreme Court of Virginia correctly concluded that petitioner's claim was barred under Slayton because he could have raised this issue at trial and on direct appeal.

Petitioner has failed to demonstrate both that the prosecution impeded his efforts to investigate the case, and that the prosecution prevented his compliance with Slayton's requirement that non-jurisdictional issues be raised at trial or on appeal. Thus, petitioner has not demonstrated cause and prejudice for his defaulted claims, and Claims I(a) and I(b) must be dismissed as they are not excused from procedural default.

### IV. Standard of Review

Petitioner's remaining ineffective assistance of counsel claims were decided on the merits by the Supreme Court of Virginia. When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

8

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

A. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, the two prongs, deficient performance and prejudice constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). In his four remaining claims, petitioner cannot meet the high standard set forth in Strickland because he cannot show that his attorney's performance was deficient and that he was prejudiced as a result.

### V. Analysis

i. Claim II(a)

Petitioner claims that his counsel was ineffective for not moving to compel the prosecution's disclosure of the informant's identity. According to petitioner, defense counsel

should have specifically requested the identification of the informant when the prosecution failed to comply with the defense's original discovery request. The state habeas court considered this claim and held that petitioner had not satisfied the "prejudice" prong of Strickland:

> Petitioner fails to proffer any facts supporting an entrapment or accommodation defense. Petitioner therefore fails to show how disclosure of the informant's identity would have been relevant and helpful to petitioner's defense. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rec. No. 141234, Jan 13, 2015 Order at 2-3. To succeed on an ineffective assistance of counsel claim, the petitioner cannot "satisfy the prejudice requirement through rank speculation." United States v. Basham, 789 F.3d 358, 375 (4th Cir. 2015) (internal quotations omitted). Therefore, the state habeas court's finding is not an unreasonable application of Strickland, and its finding is entitled to deference. Claim II(a) must be dismissed.

ii. Claim II(b)

Petitioner claims that his counsel improperly failed to discover and investigate the audio and video surveillance evidence at an agreed upon date and time as noted in the prosecution's discovery answers. Petitioner claims that if defense counsel had investigated this evidence, he would have discovered the informant's identity and gender, and he could have used this information to cross-examine and impeach Hammond's testimony.[3] Petitioner additionally argues that his counsel's actions undermined the confidence in the outcome of the trial proceedings because the trial judge relied upon the audio and video evidence in convicting him.

The state habeas court considered this claim and found that petitioner had satisfied neither the "performance" nor the "prejudice" prong of Strickland:

---

[3] Petitioner speculates that the informant may have been a woman, and if so, counsel could have impeached Hammond's testimony because he had referred to the informant as a man. Petitioner also suggests that he could have challenged Hammond's search procedures for women.

> Petitioner offers no support for his speculation that the informant might have been a woman. In addition, the record, including the trial transcript, demonstrates the trial court did not rely on the existence of the recordings to convict petitioner. Rather, in discussing the evidence against petitioner, the court simply commented that there was "surveillance of the defendant." Detective Hammond testified he personally conducted surveillance of the three controlled buys. The court found Hammond's testimony credible. No audio or video was played for the court. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rec. No. 141234, Jan. 13, 2015 Order at 3-4. This holding is not an unreasonable application of Strickland. Whether defense counsel viewed the video evidence is unknown, but even if he did not, petitioner has not established that viewing the video would have had any substantial effect on his trial. Thus, this Court must defer to the state habeas court's finding, and Claim II(b) must be dismissed.

### iii. Claim II(c)

Petitioner claims his counsel was ineffective when he failed to object to the admissibility of the certificate of the analysis. Petitioner claims that defense counsel's strategy denied him his Sixth Amendment right to confront and to cross-examine a third party witness responsible for providing a conclusion of a certified drug analysis. The state habeas court considered this claim and held that petitioner satisfied neither the "performance" nor the "prejudice" prongs of Strickland:

> The record, including the trial transcript and the notice of the Commonwealth's intent to offer into evidence the certificate of analysis, demonstrates the Commonwealth timely informed petitioner of his right to object to admission of the certificate of analysis without having the analyst present and testifying. See Code § 19.2 – 187.1. Petitioner fails to articulate any reason why counsel would have desired the presence of the analyst or why counsel should have objected to admission of the certificate without the presence of the analyst. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rec. No. 141234, Jan. 13, 2015 Order at 4-5. Whether to make an objection is a tactical decision, and it is sound trial strategy for defense attorneys to refrain from objecting to a certificate of analysis. See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989); see also Melendez-Diaz v. Massachusetts, 557 U.S. 305, 328 (2009); Humphries v. Ozmint, 397 F.3d 206, 234 (4th Cir. 2005) (a trial lawyer may forgo a "valid" objection for tactical reasons). Additionally, petitioner has not shown what effect the analyst's testimony would have had at trial. Thus, the state habeas court's holding is entitled to deference, and Claim II(c) must be dismissed.

### iv. Claim II(d)

Petitioner claims his counsel was constitutionally ineffective when he failed to object to Detective Hammond's never being qualified as an expert in the sale, distribution, marketing, packaging, and effects of narcotics. Pointing specifically to Hammond's testimony regarding the definition of a "bundle" of heroin, petitioner claims the trial court never took judicial notice of Hammond as a narcotics expert or qualified Hammond as an expert. Petitioner contends that there is a reasonable probability that the trial judge's erroneous action improperly influenced the verdict.

The state habeas court considered this claim and found that petitioner had satisfied neither the "performance" nor the "prejudice" prong of Strickland:

> The record, including the trial transcript, demonstrates Hammond's testimony was based on his personal experience working in narcotics law enforcement for three years. Therefore, counsel could have reasonably concluded that any objection to Hammond's testimony and qualifications would have been futile. Counsel is not ineffective for failing to make a futile objection. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rec. No. 141234, Jan. 13, 2015 Order at 5 (internal citations omitted). Whether to make an objection is a tactical decision, and counsel obviously is not ineffective for failing to make a futile objection. Evans, 881 F.2d at 125; Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (explaining counsel is not required to file frivolous motions). Further, police officers often and routinely testify regarding their expertise in narcotics. See Askew v. Commonwealth, 578 S.E.2d 58, 61 (Va. 2003). Thus, the state habeas court's finding is entitled to deference, and Claim II(d) must be dismissed.

Additionally before the Court is plaintiff's Motion for an Evidentiary Hearing. Pursuant to the Supreme Court's decision in Cullen v. Pinholster, 563 U.S. 170 (2011), a hearing is not warranted in this case.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this  18th  day of  March  2016.

_/s/ Claude M. Hilton_
United States District Judge

Alexandria, Virginia